IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CIGNA HEALTH AND LIFE
INSURANCE COMPANY                                                    PLAINTIFF


VERSUS                               CIVIL ACTION NO. 3:15CV947-DPJ-FKB


PIONEER HEALTH SERVICES, INC.;
PIONEER HEALTH SERVICES OF CHOCTAW COUNTY, LLC;
AMBULATORY EQUIPMENT SERVICES, INC.;
PIONEER HEALTH SERVICES OF EARLY COUNTY, LLC,
doing business as Pioneer Community Hospital of Early;
INDEPENDENT HEALTH MANGEMENT, INC.,
doing business as Lackey Memorial Hospital;
MEDICOMP, INC., doing business as
Newton Physical Therapy and Sports Medicine,
Iuka Physical Therapy and Sports Medicine,
West PointPhysical Therapy, Medicomp 7 on 7,
Copiah Rehabilitation Center, and Medicomp Xcell;
PIONEER HEALTH SERVICES NEWTON;
PIONEER HEALTH SERVICES OF ONEIDA
REAL ESTATE, LLC,;
PIONEER HEALTH SERVICES OF ONEIDA, LLC,
doing business as Pioneer Community Hospital of Scott;
PIONEER HEALTH SERVICES OF MONROE COUNTY, INC.,
Doing business as Pioneer Community Hospital of Aberdeen;
PIONEER HEALTH SERVICES OF STOKES COUNTY, LLC;
PIONEER HOME HEALTH OF STOKES, LLC;
and PIONEER HEALTH SERVICES OF PATRICK COUNTY, INC.;
Doing business as Pioneer Community Hospital of Patrick          DEFENDANTS

and

PIONEER HEALTH SERVICES, INC.                          COUNTER-PLAINTIFF

VERSUS

CIGNA HEALTH AND LIFE
INSURANCE COMPANY                                  COUNTER-DEFENDANT

**DEFENDANTS' ANSWER AND DEFENSES AND**
**COUNTERCLAIM OF PIONEER HEALTH SERVICES, INC.**

COME NOW, the Defendants, PIONEER HEALTH SERVICES, INC.; PIONEER HEALTH SERVICES OF CHOCTAW COUNTY, LLC; AMBULATORY EQUIPMENT SERVICES, INC.; PIONEER HEALTH SERVICES OF EARLY COUNTY, LLC, doing business as Pioneer Community Hospital of Early; INDEPENDENT HEALTH MANAGEMENT, INC., doing business as Lackey Memorial Hospital; MEDICOMP, INC., doing business as Newton Physical Therapy and Sports Medicine, Iuka Physical Therapy and Sports Medicine, West Point Physical Therapy, Medicomp 7 on 7, Copiah Rehabilitation Center, and Medicomp Xcell; PIONEER HEALTH SERVICES NEWTON; PIONEER HEALTH SERVICES OF ONEIDA REAL ESTATE, LLC,; PIONEER HEALTH SERVICES OF ONEIDA, LLC, doing business as Pioneer Community Hospital of Scott;PIONEER HEALTH SERVICES OF MONROE COUNTY, INC.,Doing business as Pioneer Community Hospital of Aberdeen; PIONEER HEALTH SERVICES OF STOKES COUNTY, LLC; PIONEER HOME HEALTH OF STOKES, LLC; and PIONEER HEALTH SERVICES OF PATRICK COUNTY, INC.;Doing business as Pioneer Community Hospital of Patrick (collectively herein referred to as "Defendants" and/or the "Pioneer Health Entities")  by and through the undersigned counsel, and in response to the Complaint asserted against them by the Plaintiff, CIGNA Health and Life Insurance Company, answer and say:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted against the Defendants and, therefore, should be dismissed.  Alternatively, the Complaint fails to state a claim

against some of the Defendants and, as to those Defendants, the Complaint should be dismissed.

**SECOND DEFENSE: ANSWER**

Answering the allegations of the Complaint, and preserving all affirmative defense raised herein, Defendants answer and say:

1.         Upon information and belief, the allegations contained in paragraph 1 are admitted.

2.         The allegations contained in paragraph 2 are admitted.

3.         The allegations contained in paragraph 3 are admitted as to the corporate citizenship/residency and agent for process for this Defendant.    The remaining allegations contained in this paragraph are denied.    Defendant affirmatively asserts, however that Pioneer Health Services of Choctaw County, LLC is not a proper party to this action and should be dismissed.

4.         The allegations contained in paragraph 4 are admitted as to the corporate citizenship/residency and agent for process for this Defendant.    The remaining allegations contained in this paragraph are denied.   Defendant affirmatively asserts, however, that Ambulatory Equipment Services, Inc. Is not a proper party to this action and should be dismissed. .

5.         The allegations contained in paragraph 5 as o the corporate citizenship/ residency and agent for process of this Defendant are admitted.    The remaining allegations contained in this paragraph are denied. .   Defendant affirmatively asserts however that Pioneer Health Services of Early County, LLC is not a proper party to this action and should be dismissed.

6.         The allegations contained in paragraph 6 as to the corporate citizenship/ residency are  and agent for service of process are admitted.  The remaining allegations contained in

this paragraph are denied.     Defendant affirmatively asserts however that Independent Health Management, Inc. D/b/a Lackey Memorial Hospital is not a proper party to this action and should be dismissed.

7.     The allegations contained in paragraph 7 are admitted as to the corporate citizenship/residency and agent for process of this Defendant.   The remaining allegations contained in this paragraph are denied.     Defendant affirmatively asserts however that Medicomp, Inc. D/b/a Newton Physical Therapy and Sports Medicine, Iuka Physical Therapy and Sports Medicine, West Poitn Physical Therapy, Medicomp 7 on 7, Copiah Rehabilitation Center, and Medicomp Xcell, is not a proper party to this action and should be dismissed.

8.     The allegations contained in paragraph 8 are admitted as to the corporate citizenship/residency and agent for process of this Defendant.   The remaining allegations contained in this paragraph are denied.   Defendant affirmatively asserts however that Pioneer Health Services of Newton LLC, is not a proper party to this action and should be dismissed.

9.     The allegations contained in paragraph 9 are admitted as to the corporate citizenship/residency and agent for process of this Defendant.   The remaining allegations contained in this paragraph are denied.     Defendant affirmatively asserts however that Pioneer Health Services of Oneida Real Estate, LLC, is not a proper party to this action and should be dismissed.

10.     The allegations contained in paragraph 10 are admitted as to the corporate citizenship/residency and agent for process of this Defendant. The remaining allegations contained in this paragraph are denied.     Defendant affirmatively asserts however that Pioneer Health Services of Oneida, LLC d/b/a Pioneer Community Hospital of Scott is not a proper party to this action and should be dismissed.

11.    The allegations contained in paragraph 11 are admitted as to the residency and agent for process of this Defendant.   The remaining allegations contained in this paragraph are denied. Defendant affirmatively asserts however that. Pioneer Health Services of Monroe County, Inc. f/k/ a Pioneer Health Services of Monroe County Subsidiary, Inc. And d/b/a  Pioneer Community Hospital of Aberdeen is not a proper party to this action and should be dismissed.

12.    The allegations contained in paragraph 12 are admitted as to the corporate citizenship and and agent for process of this Defendant.   The remaining allegations contained in this paragraph are denied. Defendant affirmatively asserts however that Pioneer Health Services of Stokes County, LLC, is not a proper party to this action and should be dismissed.

13.    The allegations contained in paragraph 13 are admitted as to the corporate citizenship/residency and agent for process of this Defendant.    Defendant affirmatively asserts however that Pioneer Home Health of Stokes, LLC, is not a proper party to this action and should be dismissed.

14.    The allegations contained in paragraph 14 are admitted as to the corporate citizenship/residency and agent for process of this Defendant.    Defendant affirmatively asserts however that Pioneer Health Services of Patrick County, Inc. D/b/a Pioneer Community Hospital of Patrick, is not a proper party to this action and should be dismissed.

15.    The Defendants admit this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

16.    The Defendants admit that venue is proper in this judicial district and division.

17.    The foregoing defenses and denials are adopted by reference and

incorporated herein.

18.       The allegations contained in paragraph 18 are denied as phrased.   The Defendants admit only that Pioneer Health Services, Inc. was the designated policyholder under a policy of group health insurance, Account/Group Number 3337148, underwritten by Plaintiff, under which eligible employees and dependents of the Defendant Pioneer Health Services, Inc. And/or its related entities were beneficiaries of certain plan benefits, including medical expenses, pharmacy, dental, and vision care.

19.       The allegations contained in paragraph 19 are denied as phrased. Defendants admit only that the CMP Rider and Supplemental Premium Letter Agreement dated June 7 2013, and the Supplemental Premium Notice Letter dated May 15 2014, comprise part of the contract between CHLIC and Defendant Pioneer Health Services, Inc.

20.       The allegations contained in paragraph 20, including subparagraphs (a) through (c) are denied as phrased.  Defendants admit only that CHLIC agreed to administer and/or provide certain insurance services to Pioneer Health Services, Inc., including but not limited to paying certain medical and/or health insurance benefits and claims of Pioneer Health Services, Inc.'s eligible employees and dependents, who were members of the Plan, in accordance with the Group Plan documents.  Defendants affirmatively assert all terms, conditions, and provisions of the parties' contract and assert that the documents speak for themselves.

21.       The allegations contained in paragraph 21 are denied as phrased. Defendants admit only that the parties' contract and the Group Plan terminated on or about May 20, 2015.

22.       The allegations contained in paragraph 22 are admitted upon information

and belief.

23.           The allegations contained in paragraph 23 are denied as stated and denied as calling for legal conclusions.  It is affirmatively stated that the entirety of the terms of all governing agreements between all respective parties govern their respective rights, duties, and/or liabilities.

24.           The allegations contained in paragraph 24 are denied.

25.           The allegations contained in paragraph 25 are denied are denied as stated and denied as calling for legal conclusions.  It is affirmatively stated that the entirety of the terms of all governing agreements between all respective parties govern their respective rights, duties, and/or liabilities.

26.           The allegations contained in paragraph 26 are denied as stated and denied as calling for legal conclusions.  It is affirmatively stated that the entirety of the terms of all governing agreements between all respective parties govern their respective rights, duties, and/or liabilities.

27.           The allegations contained in paragraph 27 are denied as stated and denied as calling for legal conclusions.  It is affirmatively stated that the entirety of the terms of all governing agreements between all respective parties govern their respective rights, duties, and/or liabilities.

28.           The allegations contained in paragraph 28 are denied.  Defendants admit that the Letter Agreement contains a provision regarding interest, but it is denied that there are any sums outstanding and unpaid and, therefore, Defendants deny that the interest provision is triggered. The remaining allegations contained in paragraph 28, if any, are denied.  It is affirmatively stated that the entirety of the terms of all governing agreements between all respective parties govern their respective rights, duties, and/or liabilities.

29.           The allegations contained in paragraph 29 are denied.   Defendants admit

only that the Letter Agreement contains a provision regarding attorney's fees and costs, but Defendants deny that there are any outstanding or unpaid sums owed to CIGNA.  The remaining allegations contained in paragraph 29, if any, are denied.  It is affirmatively stated that the entirety of the terms of all governing agreements between all respective parties govern their respective rights, duties, and/or liabilities.

30.        The allegations contained in paragraph 30 are denied as stated and denied as calling for legal conclusions.  It is affirmatively stated that the entirety of the terms of all governing agreements between all respective parties govern their respective rights, duties, and/or liabilities.

31.        The allegations contained in paragraph 31 along with the allegations contained in the unnumbered paragraph beneath paragraph 31, beginning with the word "WHEREFORE," are denied and Defendants deny that Plaintiff is entitled to any recovery from or judgment against Defendants.

32.        The denials and defenses contained in the foregoing paragraphs are adopted and incorporated herein by reference.

33.        The allegations contained in paragraph 33 are denied as phrased.   The Defendants admit only that CHLIC provided some services and benefits, but denies that CHLIC fully and completely performed as it was obligated under the parties' contract.

34.        The allegations contained in paragraph 34 are denied as phrased. Defendants admit only that during the stated time period, CHLIC processed and/or paid some claims.  The remaining allegations contained in paragraph 34 are denied.

35.        Upon information and belief, the allegations contained in paragraph 35 are admitted.

36.          The allegations contained in paragraph 36 are denied.

37.          The allegations contained in paragraph 37 are denied.

38.          The allegations contained in paragraph 38 are denied.

The allegations contained in the unnumbered paragraph below paragraph 39, beginning with the word, "WHEREFORE" are denied and Defendants deny that the Plaintiff is entitled to any recovery or judgment from them, or any of them.  Alternatively, Defendants deny the Plaintiff is entitled to for the amounts and types of claims made and respectfully request this Court to enter an order dismissing the Complaint and/or adjudicating all matters pursued in the Complaint in favor of the Defendants and/or for all available relief, legal and equitable, available pursuant to governing law.

## THIRD DEFENSE

The Plaintiff may have failed to mitigate its damages and its damages, if any, should be reduced in proportion to the failure to mitigate.

## FOURTH DEFENSE

Without waiving any other defense set forth herein, and because the facts are not yet fully developed, the Defendants additionally plead the following affirmative defenses which may be applicable: arbitration and award, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, res judicata, payment and release, statute of frauds, statute of limitations, unclean hands, and waiver.

## FIFTH DEFENSE

The Defendants further reserve the right to assert further affirmative defenses if they

become evident through discovery or investigation.

## SIXTH DEFENSE

Unless expressly admitted herein, the Defendants hereby deny all allegations of the Plaintiff's Complaint.

AND NOW, having fully answered the Complaint, the Defendants demand judgment dismissing this action with prejudice and awarding costs, and for other relief as set forth in the Counterclaim.

## COUNTERCLAIM BY PIONEER HEALTH SERVICES, INC. FOR DECLARATORY JUDGMENT AND ACCOUNTING

COMES NOW the Defendant/Counter-Plaintiff, Pioneer Health Services, Inc., and pursuant to Fed. R. Civ. P. 57 and other applicable authorities, asserts this Counterclaim against the Plaintiff/Counter-Defendant, CIGNA Health and Life Insurance Company, and seeks an accounting and declaratory judgment as set forth herein.

## PARTIES

1. The Counter-Plaintiff, Pioneer Health Services, Inc. (hereinafter "Pioneer Health"), is a Mississippi corporation, authorized to do and doing business in the State of Mississippi. For purposes of determining diversity of citizenship, Pioneer Health is a citizen solely of the State of Mississippi.

2. The Counter-Defendant, CIGNA Health and Life Insurance Company (hereinafter "CHLIC") is a corporation existing under the laws of the State of Connecticut, with its principal place of business located at 900 Cottage Grove Road, Bloomfield, CT. CHLIC may be served

with process by serving its attorney, William F. Ray, Esq., WATKINS & EAGER, 400 E. Capitol Street, Jackson, MS.  For purposes of determining diversity of citizenship, CHLIC is not a citizen of Mississippi.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity of citizenship. Venue is proper in this district and division because it is the district in which a substantial part of the events or omissions giving rise to these claims occurred and/or because it is the district in which the parties' contract was entered.

## FACTS

4.       CHLIC contracted with Pioneer Health to provide group medical, pharmacy, dental and vision insurance benefits to Pioneer Health's eligible employees and their dependents effective July 1, 2013.  In addition, CHLIC contracted with Pioneer Health to process and pay, where appropriate, claims and administer plan benefits in accordance with the Group Insurance Policy.

5.      Pursuant to the parties' agreement, CHLIC agreed and guaranteed that Pioneer Health's maximum monthly claim liability would be capped or limited.  Further, CHLIC agreed that, to the extent any claims exceeded the maximum monthly claim liability, CHLIC would absorb and/or assume liability for said claims in excess of the maximum monthly claim liability amount.

6.      Further, pursuant to the parties' June 7, 2013 letter agreement, CHLIC agreed that, at the end of each policy year, CHLIC would complete an underwriting settlement for that policy period to determine whether there is a margin, a deficit, and/or any unused bank account liability on the account.

7.      Further, pursuant to the parties' June 7, 2013 agreement, CHLIC agreed that any excess of the Minimum Premium Rider shall be credited against any remaining Supplemental Premium amount due to CHLIC and that, in the event that no additional amount is required to be paid by Pioneer Health upon termination of the Minimum Premium Rider, such excess would be returned to Pioneer Health.

8.      Upon information and belief, CHLIC has failed to properly administer and pay claims submitted under the applicable policy, including the failure to enforce the co-pay and/or deductible provisions and/or failure to collect, charge, or otherwise credit Pioneer Health for co-pays or deductibles for which the plan participants are responsible.

9.      CHLIC is in breach of its obligations under the parties' agreement.

10.     As a result of CHLIC's failure to properly administer the group policy, Pioneer Health has incurred damages in an amount to be proven at trial.

11.     CHLIC is and has been in exclusive control of the claims administration history and account records in connection with the parties' agreement.   Pioneer Health does not have access to said records and is, therefore, without information necessary for Pioneer Health to verify CHLIC's calculations and reconcile the amounts claimed due by CHLIC or to determine amounts which should be returned or credited or are otherwise owed to Pioneer Health by CHLIC.

## COUNT I:  COMPLAINT FOR ACCOUNTING

12.     Pioneer Health incorporates by reference the allegations contained in the foregoing paragraphs.

13.     Pioneer Health requests that CHLIC be required to provide a detailed accounting

regarding the matters set forth herein, including but not limited to the bank account and all deposited fund and the Supplemental Premium Amount for which it seeks payment in this action.

14.     Pioneer Health further requests further a detailed accounting of any and all claims processed and/or paid by CHLIC both during the term of the parties' agreement and since termination, including but not limited to all co-pays and/or all deductibles charged, collected, and/or received on behalf of the Plan and/or credited to the Plan.

15.     Pioneer Health is without access to these records and has therefore been unable to specifically ascertain, verify, or reconcile the amounts claimed by CHLIC as due and owing and/or whether Pioneer Health is owed certain amounts by CHLIC or, alternatively is entitled to certain credits against amounts CHLIC claims are owed.

## COUNT II:  DECLARATORY JUDGMENT

16.     Pioneer Health incorporates by reference the allegations contained in the foregoing paragraphs.

17.     Pursuant to Fed. R. Civ. P. 57, Pioneer Health seeks a declaration of the respective rights, obligations, and liabilities of the parties under the governing agreements between the parties.

WHEREFORE PREMISES CONSIDERED, the Counter-Plaintiff, Pioneer Health Services, Inc., seeks the following relief:

A.     That all accounts subject to the parties' agreement be accounted for and reconciled and that Pioneer Health Services, Inc. be compensated and/or credited in an amount to be proved at trial and due under any and all applicable agreements, written or otherwise, as well as due under any and all applicable common law theories;

B.      That attorneys' fees and costs be awarded to Pioneer Health Services, Inc. against

Counter-Defendant, CIGNA Health and Life Insurance Company;

C.      Declaratory Judgment as to the rights,  obligations, and liabilities of the parties;

D.      Accounting;

E.      Prejudgment interest; and

E.      For such other relief as the Court deems just and proper under the

circumstances.

THIS the 7th day of March, 2016.

                                                        Respectfully submitted,


                                                        /s/ Ginny Y. Kennedy
                                                        GINNY Y. KENNEDY, MB #102199
                                                        *Attorney for Defendants   and Counter-*
                                                        *Plaintiff, Pioneer Health Services, Inc.*

OF COUNSEL:

WATSON HEIDELBERG JONES PLLC
2829 Lakeland Drive, Suite 1502
Flowood, MS  39232
Phone No. (601) 939-8900
Fax No. (601) 932-4400

## <u>CERTIFICATE OF SERVICE</u>

I, Ginny Y. Kennedy, attorney for the Defendants and Counter-Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via the court's electronic filing system on the following:

William F. Ray, Esq.
WATKINS & EAGER
P.O. Box 650
Jackson, MS   39205

THIS, the 7th day of March, 2016.

/s/ Ginny Y. Kennedy
Ginny Y. Kennedy